IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-610-GCM
3:98-cr-244-GCM-1

| | |
|---|---|
| REGINALD ANTHONY FALICE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 will be dismissed as successive.

## I. BACKGROUND

On July 13, 2009, Petitioner was found guilty by a jury of one count of interstate domestic violence resulting in the bodily injury and ultimate death of Ruth Croston, (Count One), and one count of using or carrying a firearm during and in relation to murder, (Count Two). (3:98-cr-244, Doc. No. 1: Indictment; Doc. No. 79: Jury Verdict). On July 25, 2000, the Court sentenced Petitioner to two concurrent terms of life imprisonment. (Doc. No. 98). Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 99).

On April 5, 2001, eager to challenge his conviction, Petitioner filed his first motion under Section 2255. The Court dismissed the motion without prejudice after noting that Petitioner's direct appeal from his sentence and conviction was still pending before the Fourth Circuit. (3:01-cv-166, Doc. No. 2). In his direct appeal, Petitioner raised six claims for relief, all of which were

1

rejected by the Court and his conviction and sentence was affirmed by order entered September 17, 2001. United States v. Falice, 18 F. App'x 210 (4th Cir. 2001) (unpublished).

Next, on July 31, 2002, Petitioner filed a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651. In this action, Petitioner again attacked his criminal judgment, asserting that the petition was proceeding dually as a Section 1651 action ("All Writs Act") and under Fed. R. Civ. P. 60(b). Petitioner argued that his sentence should be vacated because it was imposed in violation of the Constitution of the United States and the Constitution of the State of North Carolina. The Court explained that the All Writs Act was not available unless there were no other remedies Petitioner could pursue. The Court noted that Section 2255 was the proper vehicle for relief. While Petitioner took great pains to argue that his petition was not one brought pursuant to Section 2255, the Court disagreed and denied his petition. (3:02-cv-485, Doc. No. 1).

On February 19, 2003, Petitioner filed his second motion under § 2255 which presented rambling and strained arguments regarding the Government's ability to prosecute him and the Court's ability to preside over the judicial proceedings. The motion was dismissed as untimely after the Court noted that Petitioner offered no credible reasons why his tardiness should be excused. (3:03-cv-68, Doc. No. 2). Petitioner filed an appeal to the Fourth Circuit which was dismissed after the Court found that Petitioner had not obtained a certificate of appealability from the district court and that he did not qualify for one from the Circuit Court. Falice v. United States, 82 F. App'x 823 (4th Cir. 2003) (unpublished).

On September 14, 2012, Petitioner returned to this Court with yet another motion under Section 2255 challenging his conviction and sentence. (3:12-cv-610, Doc. No. 1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before he or she may file a second motion under Section 2255. The statute provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has offered no evidence that he has obtained the necessary authorization. Accordingly, this Court is without jurisdiction to consider the merits of the present motion. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure to obtain the necessary authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the merits of the second or successive petition "in the first place.").

For the foregoing reasons, Petitioner's successive motion under Section 2255 must be

dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 19, 2012

Graham C. Mullen
United States District Judge