# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:14-cv-640-GCM
## 3:98-cr-244-GCM-1

| | |
|---|---|
| **REGINALD ANTHONY FALICE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of what Petitioner has labeled a "Motion Hearing for Review of Sentence," which the Court finds is in fact an unauthorized, § 2255 motion to vacate his sentence. (3:98-cr-244, Doc. No. 251; 3:14-cv-640, Doc. No. 1).

In July 2000, Petitioner was sentenced in this district to concurrent life sentences after a jury convicted him on one count of interstate domestic violence which resulted in bodily injury and death, in violation of 18 U.S.C. § 2261(a), 2261(b) and 2266, and one count of using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C. § 924(c)(1), 924(j) and 1111. Petitioner's judgment was affirmed in all respects on appeal to the United States Court of Appeals for the Fourth Circuit in a per curiam opinion. United States v. Falice, 18 F. App'x 210 (4th Cir. 2001) (unpublished). Petitioner's subsequent efforts to obtain relief from his judgment failed. See, e.g., Falice v. United States, 3:02-cv-485-GCM (W.D.N.C. Nov. 26, 2002); Falice v. United States, 3:03-cv-68-GCM (W.D.N.C. Feb. 28, 2003); appeal dismissed, 82 F. App'x 823 (4th Cir. 2003) (unpublished); and Falice v. United States, 3:12-cv-610-GCM (W.D.N.C. Oct. 19, 2012).

1

In the present motion, Petitioner again attacks the validity of his criminal judgment, however, he has failed to demonstrate that he has received the required authorization to proceed with another collateral attack on his judgment.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 2006-07 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Hearing for Review of Sentence" is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: November 18, 2014

Graham C. Mullen
United States District Judge