**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98-cr-244-GCM-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER OF INSTRUCTIONS** |
| **REGINALD ANTHONY FALICE,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on *pro se* Defendant's "Motion[] Court to Review of Sentence Pursuant 18 U.S.C. § 3742," (Doc. No. 315), and Motion "Pursuant [to] 18 USC § 924(c)," (Doc. No. 317), which have been docketed as Motions in this criminal case.

In the "Motion[] Court to Review," Defendant cites Rule 60(b)(4), 18 U.S.C. § 3742, Article 1 § 9 of the United States Constitution, and 18 U.S.C. § 924, and asks the Court to "reverse/vacate SENTENCE." (Doc. No. 315 at 3). Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n just terms, the court may relieve a party … from a final judgment, order, or proceeding" for any of five specified reasons or for "any other reason that justifies relief." Defendant's Motion does not specify the final judgment, order, or proceeding from which he seeks relief. If his Motion seeks to reopen direct review of the Judgment in his criminal case, the Motion fails because the Federal Rules of Civil Procedure, including Rule 60(b), do not apply to criminal cases. See Fed. R. Civ. P. 1. Defendant's citation to § 3742 is unavailing because he already filed a direct criminal appeal and, in any event, § 3742 does not grant jurisdiction to a district court to review a final sentence. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994) (Section 3742 "does not provide a jurisdictional basis for [a] motion to

1

reduce. The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction."); United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) (Sections 3742(a)(1) and (a)(2) "are the basis for appellate review of a district court's sentencing decisions. These sections do not grant jurisdiction to a district court to review a final sentence."). Because Defendant seeks to collaterally attack his Judgment, the Motion will be construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. See generally 28 U.S.C. § 2255(a) (prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (a motion directly attacking a prisoner's conviction or sentence is generally a § 2255 petition).

In the Motion "Pursuant to 18 U.S.C. § 924(c)," Defendant argues that "a newly promulgated ruling … by the supreme court and other lower courts" found § 924(c) "unconstitutionally vague," that the "recent ruling is NEWLY discovered evidence," that the conviction and sentence are therefore based on unconstitutional law, and that he should be granted a "new trial or otherwise, alternative, relief…." (Doc. No. 317 at 1). This Motion, too, seeks to collaterally attack the conviction and sentence and will also be construed as § 2255 Motion to Vacate. 28 U.S.C. § 2255; Winestock, 340 F.3d at 200.

The Clerk of Court will be instructed to open two new civil cases and docket each of these Motions as a new § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall docket Defendant's "Motions Court to Review of Sentence Pursuant 18 U.S.C. § 3742," (Doc. No. 315), and Motion

"Pursuant [to] 18 USC § 924(c)," (Doc. No. 317), as § 2255 Motions to Vacate in two new civil cases.

Signed: August 14, 2019

Graham C. Mullen
United States District Judge