UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-398-GCM
(3:98-cr-244-GCM-1)

| | |
|---|---|
| **REGINALD ANTHONY FALICE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* "Motion[] Court to Review of Sentence Pursuant 18 U.S.C. § 3742," (Doc. No. 1), that has been opened in this civil case as a Motion to Vacate pursuant to 28 U.S.C. § 2255.[1]

## I.　BACKGROUND

A jury found Petitioner guilty in the underlying criminal case of: Count (1), interstate domestic violence resulting in bodily injury and death (18 U.S.C. § 2261(a), 2261(b), 2266); and Count (2), using or carrying a firearm during and in relation to a crime of violence, murder (18 U.S.C. §§ 924(c)(1), 924(j), 1111). (3:98-cr-244, Doc. No. 1). The jury specifically found with regards to the § 924(c) violation in Count (2) that Petitioner is guilty of first-degree murder. (Id., Doc. No. 79). The Court sentenced Petitioner to two concurrent life sentences. (Id., Doc. No. 98). The Fourth Circuit affirmed on direct appeal. United States v. Falice, 18 Fed. Appx. 210 (4th Cir. 2001).

---

[1] Petitioner has another § 2255 Motion to Vacate pending before this Court, case number 3:19-cv-399-GCM.

1

Petitioner has filed multiple challenges to his conviction and sentence in this Court including several motions to vacate pursuant to 28 U.S.C. § 2255, all of which were unsuccessful. See Falice v. United States, 82 Fed. Appx. 823 (4th Cir. 2003) (dismissed as untimely); Falice v. United States, 2012 WL 5198369 (W.D.N.C. Oct. 19, 2012) (dismissed as an unauthorized second or successive § 2255), *appeal dismissed* United States v. Falice, 557 Fed. Appx. 223 (4th Cir. 2014); Falice v. United States, 2014 WL 12710239 (W.D.N.C. Nov. 18, 2014) (dismissed as an unauthorized second or successive § 2255 petition), *appeal dismissed* United States v. Falice, 600 Fed. Appx. 106 (4th Cir. 2015); United States v. Falice, 704 Fed. Appx. 256 (4th Cir. 2017) (affirming denial of motion to dismiss criminal conviction for lack of jurisdiction); United States v. Falice, 728 Fed. Appx. 241 (4th Cir. 2018) (affirming denial of motion seeking relief from sentence).

Petitioner has also sought sentencing relief in other district courts without success. See Falice v. True, 2019 WL 2409571 (S.D. Ill. June 7, 2019) (dismissing § 2241 petition with prejudice); Falice v. United States, 2016 WL 7187639 (W.D. Okla. Dec. 9, 2016) (dismissing § 2255 petition for lack of jurisdiction).

The Court notes that Petitioner's vexatious filings have resulted in the imposition of fines and prefiling injunctions. See (Doc. No. 123); see also United States v. Martin *et al.*, 2:03-cv-157 (W.D. Va. Feb. 17, 2005) (permanently enjoining Defendant from filing future common law liens without first obtaining court approval).

Presently pending before the Court for consideration is Petitioner's "Motion[] Court to Review of Sentence Pursuant 18 U.S.C. § 3742," (3:98-cr-244, Doc. No. 315), that has been

recharacterized as a § 2255 Motion to Vacate.[2] Liberally construed, the petition appears to ask the Court to vacate his § 924(c) conviction and sentence pursuant to United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019), which held that § 924(c)'s residual clause in is unconstitutionally vague.[3]

## II. STANDARD OF REVIEW

Section 2255 allows federal prisoners to challenge the legality of their confinement by petitioning the court where they were sentenced. 28 U.S.C. § 2255(a). However, once a prisoner has filed one unsuccessful § 2255 motion, he may not file another except under very limited circumstances. Before filing a "second or successive" petition, the prisoner must first receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. 28 U.S.C. § 2255(h)(1)-(2). These restrictions are known as the "gatekeeping provisions" of § 2255, and they "don't allow a second petition for new statutory constructions." Lester v. Flournoy, 909 F.3d 708, 710-11 (4th Cir. 2018); see also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (a motion for relief from judgment alleging that a change in substantive law justifies relief from the previous denial of a habeas petition is in substance a second or successive habeas petition requiring authorization from the court of appeals). A court of appeals may authorize the filing of a second or successive application only if it determines that "the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In

---

[2] Petitioner was not provided warnings prior to recharacterization pursuant to United States v. Castro, 540 U.S. 375 (2003), because this is not his first § 2255 petition.
[3] In the Order recharacterizing this Motion as a § 2255 petition, the Court explained why Petitioner cannot obtain relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure or pursuant to 18 U.S.C. § 3742.

the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

In limited circumstances, a prisoner otherwise unable to file a second or successive § 2255 petition may instead seek relief under § 2241 pursuant to § 2255's "savings clause" when it appears that § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Section 2255's savings clause provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Section 2255 is inadequate and ineffective to test the legality of a conviction under the "savings clause" when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328 (4th Cir. 2000). The Fourth Circuit recently held that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

4

(2) subsequent to the direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provision of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019). The Fourth Circuit noted with regards to the "fundamental defect" prong of the Wheeler test that "a sentencing error need not result in a sentence that exceeds the statutory limits in order to be a fundamental defect."[4] Wheeler, 886 F.3d at 433. The requirements of § 2255(e) are jurisdictional. Id. at 426.

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case

---

[4] In Wheeler, the Fourth Circuit declined to decide whether an erroneous sentence above the statutory maximum is a fundamental defect for purposes of the savings clause because those facts were not before it in that case. Id. at 433 n.11.

law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner previously sought § 2255 relief and it was denied on the merits. He presently seeks relief from the same conviction and sentence based on a change in case law. However, § 2255 petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. See 28 U.S.C. § 2255(h); Lester, 909 F.3d at 710.  Petitioner fails to allege that the Fourth Circuit authorized him to file a second or successive § 2255 petition and, accordingly, the instant petition will be dismissed for lack of jurisdiction. See Burton, 549 U.S. at 153.

Petitioner has also failed to demonstrate that he can proceed under § 2241 pursuant to § 2255(e)'s savings clause. He does not allege that he cannot meet the gatekeeping provisions of § 2255(h) for second or successive petitions,[5] that his conduct is no longer deemed criminal under a change in substantive law, or that his § 924(c) sentence based on the underlying offense of first-degree murder is fundamentally defective.[6] He therefore has not shown that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, the Court lacks jurisdiction to resolve the petition on the merits under § 2241.[7]

---

[5] Section 2255 would not be deemed inadequate or ineffective just because a § 2255 motion raising these claims was dismissed as successive. See Jones, 226 F.3d at 333-34.

[6] The Fourth Circuit has held that second-degree retaliatory murder is a crime of violence under § 924(c)'s force clause because it has as an element the use, attempted use, or threatened use of physical force against the person.

[7] Nor has Petitioner shown that venue is appropriate in this Court. Venue over a § 2241 action is in the district of confinement, however, venue can be waived. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

## IV. CONCLUSION

For the foregoing reasons, the instant Motion will be construed as a petition for relief under § 2255 and/or § 2241 and will be dismissed without prejudice for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion[] Court to Review of Sentence Pursuant 18 U.S.C. § 3742," (Doc. No. 1), is construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and/or a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 19, 2019

Graham C. Mullen
United States District Judge

7