# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:98-CR-244

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| REGINALD ANTHONY FALICE, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Reginald Anthony Falice's Motion Pursuant to 18 USC § 3582 and Amendment 782 of the United States Sentencing Guidelines (Doc. No. 334) and Motion Pursuant to COV 19 & 18 USC § 3582 (Doc. No. 335) (together "Motions").

## I. DISCUSSION

Defendant seeks a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582 because an amendment to the Federal Sentencing Guidelines—Amendment 782—reduced his recommended sentence. (Doc. No. 334). He also seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582 because of the COVID-19 pandemic. (Doc. No. 335). Because Defendant does not specify the paragraph of 18 U.S.C. § 3582 under which he seeks reduction, the Court shall conduct its analysis under § 3582(c)(1) and (2), both of which provide grounds for the modification of imposed sentences.

### A. 18 U.S.C. § 3582(c)(1)

Generally under 18 U.S.C. § 3582(c)(1) a court may only reduce a term if imprisonment when the motion has been brought by "the Director of the Bureau of Prisons, or [by] the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, the Motions were not brought by the Director of the Bureau of Prisons and Petitioner has not alleged that he fully exhausted the administrative process with the Bureau of Prisons. Thus, Petitioner is not eligible for a reduction to his term of imprisonment under § 3582(c)(1).

**B. 18 U.S.C. § 3582(c)(2)**

"Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if he was initially sentenced 'based on a sentencing range' that was later lowered by the United States Sentencing Commission." *Koons v. United States*, 138 S. Ct. 1783, 1787 (2018). Amendment 782 "revises guidelines applicable to drug trafficking offenses." 18 USCS Appx § 782. Here, Defendant was not convicted of drug trafficking offenses. (Doc. Nos. 1, 79). Thus, Defendant is not eligible for a sentence reduction under § 3582(c)(2).

**I. CONCLUSION**

For the reasons stated above, Petitioner's Motions are **DENIED**.

**SO ORDERED**.

Signed: April 17, 2020

Graham C. Mullen
United States District Judge