# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:98-CR-00244-GCM-DSC

UNITED STATES OF AMERICA,

v.

REGINALD ANTHONY FALICE,

Defendant.

**ORDER**

**THIS MATTER** comes before the Court on the United States' Motion to Authorize Payment from Inmate Trust Account (ECF No. 365). Defendant Reginald Falice filed a response (ECF No. 367). The matter is now ripe for disposition. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

Reginald Falice is a federal inmate serving a life sentence for the shooting of his former partner. *See* ECF No. 98 at 1; ECF No. 257 at 3–4. In addition to imprisonment, the Court imposed restitution in the amount of $8,460.52 and a $200.00 special assessment. ECF No. 98 at 4. To date, Falice owes $7,660.52 in restitution and $75.00 for the special assessment. After the United States learned that Falice's inmate trust account contained $1.182.76, it filed the present motion, seeking the turnover of $982.76.

## II. DISCUSSION

The government identifies a host of statutory provisions that authorize the turnover sought here. The Crime Victims' Rights Act (CVRA) provides crime victims with the right to "full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). It also directs courts to "ensure that

the crime victim is afforded" that right in any court proceeding involving an offense against a crime victim. *See id*. § 3771(b)(1).

Next, the Mandatory Victims Restitution Act (MVRA) "allows for broad enforcement" of certain criminal restitution orders, permitting the government to enforce criminal restitution orders in the same manner as criminal fines. *See United States v. Frank*, 8 F.4th 320, 326 (4th Cir. 2021). The mechanics of collection are relatively simple. Upon entry of a criminal judgment, a lien arises against all of the defendant's property or rights to property. *See id.* at 322; 18 U.S.C. § 3613(c).

Finally, when a person obligated to provide restitution receives substantial resources during a period of incarceration, that person "shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Upon its motion or the motion of any party, the Court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. § 3664(k).

Falice opposes the government's motion, but his opposition is nearly incomprehensible. The styling and arguments utilized in the response are suggestive of "sovereign citizen" pleadings. Falice, for example, treats government actors as corporate entities, the government's motion as a "NEW OFFER to do business," and the criminal case against him as a "contract" that was "canceled." *See* ECF No. 367 at 1; *United States v. Mitchell*, 405 F. Supp. 2d 602, 605 (D. Md. 2005) (explaining sovereign citizen arguments). Falice's pleading also employs bizarre punctuation typical of sovereign citizens. *See Meads v. Meads*, 2012 ABQB 571 at ¶ 206 (Can. Sept. 18, 2012) (explaining that litigants who use dashes and colons in their name "almost certainly [have] some kind of [sovereign citizen] background or affiliation.").

As far as the Court can tell, Falice appears to claim that the Court is without jurisdiction because this is a child custody proceeding. *See* ECF No. 367-1 at 1. As should be obvious, this is

not a child custody proceeding. The Court has jurisdiction over a claim for restitution ordered as part of a federal criminal sentence under Title 18 of the United States Code. Falice's arguments are frivolous, and the Court rejects them entirely.

Based on the foregoing, the Court concludes that the government's motion should be granted. Restitution in this case was to be paid "in full immediately." ECF No. 98 at 5. The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Finally, as the government argues, the funds at issue "may represent the best chance for significant recovery," given Falice's lengthy term of imprisonment. ECF No. 365-1 at 6.

### III. ORDER

**IT IS THEREFORE ORDERED** that the government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 365) is **GRANTED**. The Bureau of Prisons is directed to **TURN OVER** $982.76 of the funds held in Falice's inmate trust account to the Clerk of Court, to be used for payment of restitution obligations.

**SO ORDERED**.

Signed: November 30, 2021

Graham C. Mullen
United States District Judge